# EXHIBIT A
# SUMMONS AND COMPLAINT

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. _____

Commonwealth of Virginia  VA CODE §§ 8.01-301, -310, -329, 55-218.1, 57-51

_____ Richmond City _____ Circuit Court

Oumar Toure  v.  Richard Usanga, R/A, Ubom Law Group, PLLC

7600 Georgia Avenue NW, Suite 411

Washington D.C. 20012

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |
|---|---|---|

I, the undersigned Affiant, state under oath that
☒ the above-named defendant ☐
whose last known address is ☒ same as above ☐ _____

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

09/02/2010
DATE

☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia   ☐ City ☒ County of Henrico

Acknowledged, subscribed and sworn to before me this day by  Adam Deno
PRINT NAME OF SIGNATORY

9/2/10
DATE

ADAM DENO
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REG. #7262343
MY COMMISSION EXPIRES 10/30/2013

☒ NOTARY PUBLIC

My commission expires _____

☐ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

---

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On SEP 0 7 2010 _____, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On SEP __ __ 2010, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 MASTER, PAGE ONE OF TWO 05/09

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**        Case No. ..........

Commonwealth of Virginia     VA CODE §§ 8.01-301, -310, -329, 55-218.1, 57-51

............................................................ Richmond City ........................................................................ Circuit Court

Oumar Toure         v.         Uduak James Ubom
                                        7600 Georgia Avenue NW, Suite 411
                                        Washington D.C. 20012

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |

I, the undersigned Affiant, state under oath that
☒ the above-named defendant ☐ ..........
whose last known address is  ☒ same as above ☐ ..........

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......... is the hearing date and time on the attached process or notice.

09/02/2010
DATE        ☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia        ☐ City ☒ County of Henrico

Acknowledged, subscribed and sworn to before me this day by  Adam Deno
                                                                PRINT NAME OF SIGNATORY

9/2/10
DATE

ADAM DENO
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REG. #7262343
MY COMMISSION EXPIRES 11/30/2013        ☒ NOTARY PUBLIC        My commission expires ..........

☐ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On  SEP 0 7 2010  , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On .................................. , papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

                                                            ..........................
                                                            SERVICE OF PROCESS CLERK, DESIGNATED
                                                            BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 05/09

# COMMONWEALTH OF VIRGINIA



City of Richmond Circuit Court
Civil Division
400 N. 9th St.
Richmond, VA 23219
804-646-6536

Summons

To: UDAK JAMES UBOM
SVE SECRETARY OF THE
COMMONWEALTH

Case No. 760CL10003748-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, September 02, 2010

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: JOSEPH F. GROVE
804-285-9322

# COMMONWEALTH OF VIRGINIA



City of Richmond Circuit Court
Civil Division
400 N. 9th St.
Richmond, VA 23219
804-646-6536

Summons

To: UBOM LAW GROUP PLLC
SVE SECRETARY OF THE
COMMONWEALTH

Case No. 760CL10003748-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, September 02, 2010

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:



Attorney's name: JOSEPH F. GROVE
804-285-9322

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

| | | |
|---|---|---|
| OUMAR TOURE | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UDUAK JAMES UBOM | ) | |
| Serve: 7600 Georgia Avenue NW | ) | |
| Suite 411 | ) | |
| Washington D.C. 20012 | ) | |
| AND | ) | |
| | ) | |
| UBOM LAW GROUP, PLLC | ) | |
| Serve: Richard Usanga, R/A | ) | |
| 7600 Georgia Avenue, NW | ) | |
| Suite 411 | ) | |
| Washington D.C. 20012 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now the plaintiff, Oumar Toure ("Toure"), by counsel, and sues jointly and severally, the individual defendant, Uduak James Ubom ("Ubom") and the corporate defendant, Ubom Law Group, PLLC ("Law Group")(collectively referred to as "Defendants") for the causes and amounts as set forth herein. For his Complaint, the plaintiff states as follows:

1. This matter arises from the legal malpractice committed by Defendants in their representation of Toure by failing to advise him that he had a cause of action against his employer and others for assault, false imprisonment, and negligent retention of a known

violent employee. Instead, Defendants encouraged Toure to file a discrimination lawsuit with the Equal Employment Opportunity Commission ("EEOC") due to Ubom's selfish motives.

2. At all times germane to this case, Ubom was working within the scope of employment for Law Group and Law Group is vicariously liable for Ubom's malpractice.

3. Richmond, Virginia is the proper venue for this case.

## FACTS

4. In the latter weeks of September 2006, Toure met with Ubom and paid Ubom $500.00 for a consultation in order to obtain legal advice regarding a employee at work that had assaulted him. Ubom agreed to represent Toure.

5. Toure informed Ubom about the assault and other abuse which facts show that the assault and abuse were motivated by personal spite and ill will since Toure was from Africa and spoke with a French accent..

6. Toure informed Ubom that he was locked in a room for four hours at work by a supervisor and was unable to leave despite doing nothing wrong.

7. Toure informed Ubom that his employer, Martz Group, knew that the employee who assaulted him was violent and failed to take any action to prevent violence or institute discipline.

8. Ubom failed to advise Toure on any cause of action other than a racial discrimination lawsuit after administrative procedures through the EEOC.

9. On good faith and belief, Ubom gave this advice because he was licensed to practice in federal courts in Virginia but not in Virginia state courts. Thus, Ubom failed

to advise Toure of causes of actions that might cause Toure not to retain Ubom due to Ubom's inability to represent him.

10. Ubom agreed to represent Toure and took steps in contacting Martz Group and filing a complaint with the EEOC.

11. The documents filed with the EEOC further elaborated on the facts and circumstances that supported causes of action for assault, false imprisonment, and negligent retention against Martz Group and individual employees.

12. Ubom memorialized the contractual representation in a writing dated June 23, 2008 that was sent to Toure for his signature. However, the copy sent to Toure and signed by Toure did not limit the scope of representation.

## COUNT I: LEGAL MALPRACTICE

13. All previous paragraphs are hereby incorporated by reference.

14. Defendants' legal malpractice consists of Ubom's failure to exercise a reasonable degree of care, skill and diligence in their legal representation by advising Toure of his available causes of action.

15. This failure amounts to a negligent breach of contract for which Defendants are liable.

16. Toure's causes of actions were apparent on their face from discussions with Toure and documents filed by Defendants with the EEOC.

17. Defendants failure to exercise reasonable care in advising Toure has proximately caused him damages including the following:

- Toure's inability to recover all the damages available in the very likely event of success on the merits in an assault, false imprisonment, and negligent retention lawsuit against Martz Group;

- Toure's fees and costs paid to Defendants to puruse a discrimination claim in lieu of claims that had a greater chance of success on the merits;

- Toure's mental and emotional stress and anguish in failing to recover any of the damages he deserved under the law and in dealing with

- Defendants' failure to exercise a reasonable degree of care was, on good faith and belief, done with malice and/or a reckless disregard for Toure's rights, in that Defendants would not have been retained had Ubom told Toure that he had causes of actions better suited for state court. Therefore, Ubom is subject to punitive damages for Ubom's intentional conduct and/or reckless disregard for Toure's rights for not fully and accurately advising Toure of his legal rights.

**WHEREFORE,** the plaintiff requests this Court to enter judgment against Defendants, jointly and severally, for **One Hundred Fifty Thousand ($150,000.00)** in compensatory damages, and enter judgment against Ubom for **Fifty Thousand ($50,000.00)** in punitive damages, along with any other relief the ends of justice seem to meet.

OUMAR TOURE

BY: _____

OF COUNSEL

Joseph F. Grove (VSB No.: 22520)
Joseph F. Grove, P.C.
1900 Byrd Ave., Suite 101
Henrico, VA 23230
Phone: (804) 285-9322
Facsimile: (804) 285-9324